Dear Mr. Davis:
This office is in receipt of your recent correspondence requesting resolution of your question: May the principal of the high school program of the Shreveport Job Corps Center also serve as a member of the Caddo Parish School Board? We respond in the negative.
You relate that Mr. Raymond Green is employed by the Shreveport Job Corps Center as principal of its high school program pursuant to a cooperative endeavor agreement between the center and the Caddo Parish School Board.
We first direct your attention to the provisions of R.S. 17:428, which are specifically retained as law by the legislation enacting the Dual Officeholding and Dual Employment Law, Act 700 of the Louisiana Regular Legislative Session of 1979, § 8[1]. R.S. 17:428 provides:
 A. After July 17, 1960 no supervisor, principal or teacher or any other school employee of any school board in this state shall be eligible to serve as a member of the board employing such person; however, such person shall be eligible to serve on any other parish or city school board if duly elected or appointed thereto. Whenever any supervisor, principal, teacher or other school employee is elected as a member of any parish or city school board or accepts any appointment to fill in unexpired term thereon and such board is his employer, he shall immediately submit his resignation to his employing board of which he is now a member. Should any such person fail to submit his resignation, the position he holds under such employing board shall be declared vacated by the taking of the oath of office as a member of the employing board. No resignation shall be required of any supervisor, principal, or other school employee because of his election or appointment to a parish or city school board of which he is not an employee. (Emphasis added).
Thus, a principal may not serve as a member of the school board which employs him. You state that the prohibition is inapplicable because the Shreveport Job Corps Center, and not the school board, technically employs Mr. Green. This fact alone is not dispositive of the issue. Since the school board funds this position, the incompatibility provisions of R.S. 42:64(5) (6) are implicated, providing:
§ 64. Incompatible offices
 In addition to the prohibitions otherwise provided in this Part, no other offices or employments shall be held by the same person in combination if any of the following conditions are found to pertain and these prohibitions shall exist whether or not the person affected by the prohibition exercises power in conjunction with other officers:
********
 (5) One office, whether or not in conjunction with fellow officers, or employment is charged with auditing the accounts of or approving the budget of the other position.
 (6) Funds received by one office or employment are deposited with or turned over to the other office or position.
As member of the school board, Mr. Green would have the authority to make financial decisions which would impact his position as principal. This occurrence is prohibited by the incompatibility provisions quoted above. We conclude Mr. Green may not legally hold both the aforementioned positions.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: _____________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
[1] Section 8 of Act 700 of 1979 states: "Except for the provisions of Section 428 of Title 17 of the Louisiana Revised Statutes of 1950, all other laws or parts of laws in conflict herewith are hereby repealed and Sections 31, 31.1, 33, and 38 of Title 42 and Section 137 of Title 14, all of the Louisiana Revised Statutes of 1950 are hereby specifically repealed."